IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TANNER ROUBIDEAUX-DAVIS,

       **Plaintiff,**

       v.                                  **CASE NO.  24-3167-JWL**

JOHN B. KLENDA, McPherson County
District Judge,

       **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas.  The Court granted Plaintiff leave to proceed in forma pauperis. On October 2, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC") granting Plaintiff until November 4, 2024, to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.  Plaintiff has failed to respond by the Court's deadline.

Plaintiff names McPherson County District Judge John B. Klenda as the sole defendant. Plaintiff alleges that he was illegally incarcerated in McPherson, Kansas, for fourteen months due to a failure of due process and in violation of Senate Bill 123, conflict of interest, and ineffective counsel.  (Doc. 1, at 2.)  Plaintiff alleges that Judge Klenda failed to follow the guidelines of Senate Bill 123 on September 19 and 20, 2022, when Plaintiff had his revocation hearing.  *Id*. at 3.  Plaintiff alleges that it was his first revocation and he was sent to prison for 30 months, and "Senate Bill 123 is supposed to be graduated sanctions." *Id*.  Plaintiff seeks compensatory damages in the amount of $25,000,000.  *Id*. at 5.

The Court found in the MOSC that the sole defendant is entitled to immunity.  The Court

also found in the MOSC that to the extent Plaintiff challenges the validity of his sentence in his

state criminal case, his federal claim must be presented in habeas corpus.  Likewise, before

Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid

conviction or sentence, he must show that his conviction or sentence has been overturned,

reversed, or otherwise called into question.  *Heck v. Humphrey*, 512 U.S. 477 (1994).  The Court

ordered Plaintiff to show good cause why he is not barred by *Heck* from seeking money

damages.  The Court found that:

> In *State v. Roubideaux-Davis*, the Kansas Court of Appeals
> ("KCA") reversed and remanded Plaintiff's state criminal case to
> the McPherson County District Court, "with instructions to either
> impose a proper graduated sanction or set forth its reasons for
> bypassing the graduated sanctions." *State v. Roubideaux-Davis*,
> 2023 WL 5662765, at *9, 534 P.3d 657 (Table) (Kan. Ct. App.
> Sept. 1, 2023).  The KCA found that the general rule requiring
> graduated sanctions has four exceptions, including an exception if
> the offender committed a new felony or misdemeanor.  *Id*. at *3
> (citing K.S.A. 2020 Supp. 22-3716(c)(7)).  The KCA found that
> because Plaintiff "committed the crime of possession of
> methamphetamine, the district court had the legal authority to
> bypass graduated sanctions by finding, expressly or implicitly, that
> he had committed that new crime." *Id*. at *9.  However, the KCA
> reversed and remanded, noting that the district court judge "failed
> to check the box on the journal entry for a defendant's commission
> of a new crime." *Id*. at *8–9.
>
> On November 8, 2023, Judge Klenda entered a "2021
> Kansas Sentencing Guidelines Journal Entry of Probation
> Violation Hearing (Remand – November 3, 2023)." *State v.
> Roubideaux-Davis*, Case No. 2021-CR-111 (District Court of
> McPherson County, Kansas).  The Journal Entry clearly checks the
> box for "Committed New Crime" and sentences Plaintiff to a
> modified term of 20 months of imprisonment.  *Id*.  Plaintiff has
> failed to show that his conviction or sentence has been invalidated.

(Doc. 5, at 6–7.)

The Court ordered Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.  The MOSC provides that "[f]ailure to respond by the deadline may result in dismissal of this action without further notice."  (Doc. 5, at 7.) Plaintiff has failed to respond by the deadline and has failed to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.[1]

**IT IS SO ORDERED**.

**Dated November 12, 2024, in Kansas City, Kansas.**

> **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**

---

[1]  A dismissal based on *Heck* is for failure to state a claim.  *See Smith v. Veterans Admin.*, 636 F.3d 1306, 1312 (10th Cir. 2011); *see also Scott v. Ramirez*, 2023 WL 2196002, at *2 (10th Cir. 2023) (unpublished) ("Likewise, a dismissal under § 1915A(b)(2) based on a defendant's immunity can count as a strike if such a dismissal was subsumed in frivolousness or an appellant's failure to state a claim.") (citation omitted); *Rigsby v. Great State of Arkansas*, 2022 WL 782659, at *3 (10th Cir. 2022) (unpublished) (stating in case dismissed based on *Heck* and immunity that "district court's dismissal of this case on immunity grounds and for failure to state a claim constitutes a 'strike' under 28 U.S.C. § 1915(g).") .